## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF PENNSYLVANIA

————————————————————————— :
U.S. BANK, NATIONAL ASSOCIATION, :
as Trustee, successor-in-interest to :
WACHOVIA BANK, N.A., as Trustee :
for MLMI 2005-A8 :
 :
            Plaintiff, :
 :    Civil Action No. 3:12-CV-644
        v. :
 :
DEBBIE ZIMMER :    (Judge Kosik)
225 Blue Mountain Lake :
East Stroudsburg, PA 18301 :
 :
and :
 :
LAWRENCE ZIMMER :
225 Blue Mountain Lake :
East Stroudsburg, PA 18301 :
 :
            Defendants. :
————————————————————————— :

## MEMORANDUM

Before the Court are the parties' cross motions for summary judgment in the above-captioned mortgage foreclosure action.  For the reasons which follow, U.S. Bank, N.A.'s motion will be granted, and the Zimmers motion will be denied.

### I.  FACTUAL BACKGROUND

The instant action relates to real property located at 530 Highpoint Court, East Stroudsburg, Pennsylvania ("Subject Property").  (Doc. 67, Pl.'s SMF, at ¶ 1.)  Lawrence and Debbie Zimmer are the record owners of the Subject Property.  (Id. at ¶ 2.)

On June 9, 2005, the Zimmers applied for a loan to refinance a mortgage on the Subject

Property and executed an Adjustable Rate Note ("Note") in favor of Ameriquest Mortgage Company in the amount of $319,500.00.  (Id. at ¶¶ 3-5.)  The Zimmers executed a Mortgage upon the Subject Property, and it was duly recorded in the Office of the Recorder of Deeds of Monroe County, on June 15, 2005. (Id. at ¶¶ 6-7.)  On or about April 15, 2010, the Zimmers executed a Loan Modification Agreement.  (Id. at ¶ 11.)

Two Assignments of Mortgage occurred, and the Zimmers dispute whether they were valid.  (Id. at ¶ 16; Doc. 75, Defs' Br. in Opp., Attach. 1, Defs' CSMF, at ¶ 16.) U.S. Bank, N.A. claims that it is the current holder of the original Mortgage and Note, and is in possession of the same.  (Doc. 67, Pl.'s SMF, at ¶¶ 12-14.)  Lawrence Zimmer, along with his attorney, inspected the loan documents at the office of U.S. Bank, N.A.'s counsel, and claim that the Note is not the original.  (Doc. 67, Pl.'s SMF, at ¶ 15; Doc. 75, Attach. 1, Defs' CSMF, at ¶¶ 14-15.)

The Zimmers do not dispute that they did not make each and every monthly installment due as per the terms of the Note and Mortgage, as modified by the Loan Modification Agreement.  (Id. at ¶ 17.)  The mortgage loan is due from August 1, 2010, and all payments since then.  (Id. at ¶ 18.)  On May 17, 2011, the Zimmers were provided with a pre-foreclosure notice pursuant to Act 91.  (Id. at ¶ 19.)  U.S. Bank, N.A. claims that the Zimmers owe a total amount of $508,930.50, as of April 23, 2014.  (Id. at ¶ 22.)

Subsequent to the commencement of this action, the Zimmers filed suit against U.S. Bank, N.A. in the Court of Common Pleas of Monroe County, Pennsylvania ("State Court Action").[1]  (Id. at ¶ 20.)  On February 11, 2014, the State Court Action was dismissed with prejudice, upon granting U.S. Bank, N.A.'s preliminary objections.  (Id. at ¶ 21.)

_____

[1] Docket No. 2509 CIVIL 2013.

## II. Procedural History

On April 6, 2012, U.S. Bank, N.A. filed the Complaint (Doc. 1) and initiated this mortgage foreclosure action against the Zimmers.  On September 10, 2013, U.S. Bank, N.A. filed its first Motion for Summary Judgment (Doc. 29).  The Zimmers filed a Motion to Compel Discovery (Doc. 32) on September 11, 2013, and an Amended Motion to Compel Discovery (Doc. 39) on October 14, 2013.  On October 18, 2013, the Court denied U.S. Bank, N.A.'s Motion for Summary Judgment and extended discovery for sixty days (Doc. 43).  At the status conference on November 14, 2013, the Court stated that at the conclusion of discovery, the Court would consider whether new motions for summary judgment could be filed by the parties.  (Doc. 50.)

On May 8, 2014, U.S. Bank, N.A. filed a second motion for summary judgment (Doc. 65).  The Zimmers then filed a cross-motion for summary judgment (Doc. 68) on May 12, 2014. The parties filed corresponding briefs to the motions; thus, the motions are ripe for disposition.

## III. Standard of Review

Summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact, and the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c).  An issue is "genuine" if there is sufficient evidence with which a reasonable jury could find for the non-moving party.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); Childers v. Joseph, 842 F.2d 689, 693-94 (3d Cir. 1988) (citing Anderson, 477 U.S. at 248).  A factual dispute is "material" if it might affect the outcome of the case. Anderson, 477 U.S. at 248.  In determining whether an issue of material fact exists, the court

must consider the evidence in the light most favorable to the non-moving party.  Skerski v. Time Warner Cable Co., 257 F.3d 273, 278 (3d Cir. 2001); White v. Westinghouse Elec, Co., 862 F.2d 56, 59 (3d Cir. 1988).

A party seeking summary judgment always bears the initial burden of informing the court of the basis of its motion and identifying those portions of the record that it believes demonstrates the absence of a genuine issue of material fact.  Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).  The non-moving party then has the burden to "come forth with 'affirmative evidence, beyond the allegations of the pleadings,' in support of its right to relief."  U.S. Bank, Nat'l Ass'n v. Greenfield, Civ. Action No. 1:12-CV-2125, 2014 WL 3908127, *2 (M.D. Pa. Aug. 11, 2014) (quoting Pappas v. City of Lebanon, 331 F. Supp. 2d 311, 315 (M.D. Pa. 2004)). "If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c)," a court may grant summary judgment or consider the fact undisputed for purposes of the motion.  Fed. R. Civ. P. 56(e)(2-3).

## IV. DISCUSSION

In a mortgage foreclosure action, summary judgment is appropriate if the mortgagors "admit that the mortgage is in default, that they have failed to pay interest on the obligation, and that the recorded mortgage is in the specified amount."  Cunningham v. McWilliams, 714 A.2d 1054, 1057 (Pa. Super. Ct. 1998) (citing Landau v. W. Pa. Nat'l Bank, 282 A.2d 335, 340 (Pa. 1971)).  Summary judgment may be granted "even if the mortgagors have not admitted the total amount of the indebtedness in their pleadings."  Id.

Under the Pennsylvania Uniform Commercial Code ("PUCC"), the note securing a mortgage is a negotiable instrument.  Bank of Am. v. Gibson, 102 A.3d 462, 466 (Pa. Super. Ct.

4

2014).  Since the note securing a mortgage is a negotiable instrument, "then there is no risk of a

debtor twice being held to account for a single debt."  JP Morgan Chase Bank, N.A. v. Murray,

63 A.3d 1258, 1263 (Pa. Super. Ct. 2013).  The PUCC defines a special indorsement and a blank

indorsement.  See 13 Pa. C.S. § 3205.  A special indorsement is made by the holder of an

instrument, made payable to an identified person or to the bearer.  13 Pa. C.S. § 3205(a).  A

blank indorsement is an indorsement made by the holder of an instrument and is not a special

indorsement.  13 Pa. C.S. § 3205(b).  "When indorsed in blank, an instrument becomes payable

to bearer and may be negotiated by transfer of possession alone until specially indorsed."  Id.

We first consider the Zimmers' argument that U.S. Bank, N.A. lacks standing to pursue

the present action.  The Zimmers reviewed and inspected the purported Note in the office of U.S.

Bank, N.A.'s attorney, but the Zimmers argue that it is not the original Note.

The Zimmers cite JP Morgan Chase Bank, N.A. v. Murray, for its argument that they may

challenge U.S. Bank, N.A.'s standing to bring the present action.  In Murray, the Superior Court

of Pennsylvania reversed the trial court's grant of summary judgment, because there was a

disputed issue of whether the bank was in possession of the original Note.  Murray, 63 A.3d at

1268.  In Murray, the defendant said he was presented with the original Mortgage, a copy of the

Note, and a "loose" allonge.  Id.  The Murray court found that a dispute of material fact existed

as to whether the bank possessed the original Note, because the bank had not filed of record a

copy of the Note that included the allonge until after the trial court's entry of summary judgment,

although before that, the bank did file the Note without any putative allonge.  Id. at 1266-67.  The

Murray court stated that if the bank can "establish it holds the original Note, and that it is

indorsed in blank, under the UCC it will be entitled to enforce the Note against Murray even if

there remain questions as to the chain of possession of the Note from the time of its making to its arrival in Appellee's figurative hands." <u>Id</u> at 1268.

In this case, the Zimmers reviewed documents that U.S. Bank, N.A. purports are the original Note and Mortgage.  The Zimmers argue that what they reviewed was not the original Note.  They support this argument by pointing to the rubber-stamped notations on the reverse side of page three of the Note, and arguing that since the stamps were not notarized or dated, there is no indication that they were made at the time the Note was negotiated.  The Zimmers also put forth the expert testimony of Javier Toboas, who set forth opinions as to whether the subsequent assignments were valid, but he did not set forth an opinion as to the originality of the Note in U.S. Bank, N.A.'s possession.

We find that the Zimmers have not set forth any affirmative evidence to support their position that the Note in U.S. Bank, N.A.'s possession is not the original Note.  We also find that the present action is distinguishable from <u>Murray</u>, because JP Morgan Chase Bank, N.A. attached copies of the Note with no allonge throughout the trial court's proceedings, and did not come forth with a "loose" allonge until after the trial court's entry of summary judgment, in response to Murray's motion for reconsideration of that order.  <u>Id</u>. at 1266-67.  Therefore, we find that there is no dispute of material fact as to U.S. Bank, N.A.'s possession of the original Note, since throughout this action, U.S. Bank, N.A. produced the same Note with a blank indorsement on the reverse side of page three of the Note, and because the Zimmers have not presented any affirmative evidence that it is not the original Note.

As the <u>Murray</u> court stated, a bank is entitled to enforce the Note if it is in possession of the original Note and it is indorsed in blank, even if there remain questions as to the chain of

possession of the Note.  Id. at 1268.  We find that since there is no genuine issue of material fact as to the U.S. Bank, N.A.'s possession of the original Note, and since the Note contains a blank indorsement, U.S. Bank, N.A. is entitled to enforce it.

U.S. Bank, N.A. asserts that there is no genuine issue of material fact because the Zimmers admitted to all of the factual elements necessary for an entry of summary judgment. The Zimmers admit that they executed a mortgage in the amount of $319,500, in favor of Ameriquest Mortgage Company, that they are the record owners and mortgagors of the Subject Property, and that the mortgage is in default.  The Zimmers also admit that they have failed to make each and every monthly installment which was due, and that the mortgage loan is due from August 1, 2010, and all payments since then.  Therefore, we find that there is no genuine issue of material fact as to the elements required for an entry of summary judgment in a mortgage foreclosure action.  See Cunningham, 714 A.2d at 1057 (citing Landau, 282 A.2d at 340).

## V. CONCLUSION

For the reasons set forth above, we will grant U.S. Bank, N.A.'s motion for summary judgment and deny the Zimmers' cross-motion for summary judgment.  An appropriate order is attached.